UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK WINCHESTER, SR. | CIVIL ACTION |
| VERSUS | NO. 15-4573 |
| DEPARTMENT OF CHILDREN AND FAMILY SERVICES, ET AL. | SECTION A(5) |

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss Defendants (Rec. Doc. 22)** filed by Defendants Kelsey Bourgeois, Chloe Knight, and Kelly Senseney. Also before the Court is a **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 23)** filed by Defendant Department of Children and Family Services. Both motions are opposed. Both motions, set for submission on February 10, 2016, are before the Court on the briefs without oral argument.

**I.  Background**

Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1988 against the Department of Children and Family Services (DCFS) and a number of its employees. (Rec. Doc. 1). Plaintiff alleges that on September 18, 2014, certain employees notified him that he was the subject of a child abuse investigation. (Rec. Doc. 1, Compl. ¶ 4). They asked him to come to DCFS for a meeting. (*Id.*) According to the complaint, at the meeting "it was determined that these claims were completely unsubstantiated" and Plaintiff was allowed to leave. (*Id.* ¶ 6). An hour after the meeting, employee Kelly Senseney contacted a nurse who had accompanied Plaintiff to the meeting. (*Id.* ¶ 8). Senseney allegedly coerced the nurse into signing paperwork declaring that Plaintiff was suicidal. (*Id.* ¶¶ 9-11). Senseney coerced her by threatening to remove the nurse's

1

child "from the home." (*Id.*) Plaintiff alleges that Defendant Kelsey Bourgeois was aware of this and "did nothing to thwart the deliberate indifference of Kelly Senseney." (*Id.*)

Under the direction of Senseney, employee Chloe Knight, and DCFS, Plaintiff was then admitted to a hospital and held for three days before being transported to Baton Rouge Behavioral where he remained against his will for another seven days. (*Id.* ¶¶ 14-17). He was then allowed to return home, and Defendants never followed up with Plaintiff about the matter. (*Id.*) Months later, Plaintiff allegedly received a letter from DCFS stating that DCFS did not find sufficient information to support a finding of abuse or neglect. (*Id.* ¶ 21).

## II. Motion to Dismiss Defendants

In this motion, Defendants argue that § 1983 claims may be asserted only against those who fall within the definition of "persons" as the statute and case law define the term. Defendants assert that it is well-established that the State, its agencies, and its officers in their official capacity are not "persons" under the statute. As Plaintiff notes, inherent in this argument is that Defendants are entitled to immunity for their actions. The Court is not persuaded by Defendants' argument and would need additional briefing by Defendants to make such a determination. Thus, this motion is denied.

## III. Motion to Dismiss for Lack of Jurisdiction

In this motion, Defendant DCFS argues that DCFS, as an agency of the State of Louisiana, is entitled to sovereign immunity and all claims against it should therefore be dismissed.

A city can only be liable on account of unconstitutional conduct by such officials if the city's policy or custom played a part in the violation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monnell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55); *Sanders v. English*, 950 F.2d 1152, 1159 n. 13. The plaintiff will have to prove that "the policy or custom in question

was adopted with 'deliberate indifference' and that there was 'a direct causal link between the municipal action and the deprivation of federal rights.'" *Matthews v. Bowie Cnty., Tex.*, 600 Fed. App'x 933, 934 (5th Cir. 2015) (quoting *In re Foust*, 310 F.3d 849, 862 (5th Cir. 2002)). If a complaint does not allege an unconstitutional custom or policy that was adopted with deliberate indifference, it fails to state a claim under § 1983. *See id.* The Fifth Circuit has held that allegations of an isolated incident are insufficient to meet these pleading requirements. *See id.* (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).

Plaintiff alleged in his complaint that the actions of DCFS that gave rise to this suit were part of a policy or custom. Further, DCFS's opposition fails to persuade the Court that in light of these allegations, DCFS should be dismissed from this suit. Thus, this motion is denied.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Defendants (Rec. Doc. 22)** is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 23)** is **DENIED**.

March 3, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

3